UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MCDEVITT, as he is ADMINISTRATOR, PAINTERS AND ALLIED TRADES DISTRICT COUNCIL No. 35 TRUST FUNDS,<br>   Plaintiff,<br><br>   vs.<br><br>RPM GLASS, LLC,<br>   Defendant. | C.A. No. |

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 by employee benefit plans to obtain an audit of company records under the terms of a collective bargaining agreement, and to collect any benefit contributions, continuing interest, statutory liquidated damages, and reasonable attorneys' fees and costs that may be due as a result of that audit.

2. This is also an action pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by a labor organization for breach of a collective bargaining agreement, to collect a $2000 penalty assessed to an employer for the employer's refusal to permit an audit of company records, to collect a $200 administrative fee related to arbitration of this dispute, and finally to confirm an arbitration award.

## JURISDICTION

3.     The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

4.     Plaintiff William McDevitt is the Administrator of the Painters and Allied Trades District Council No. 35 Trust Funds ("Funds").  The Funds are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and "employee benefit plans" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Funds are administered at 25 Colgate Road, Suite 204, Roslindale, Massachusetts, within this judicial district.

5.     Defendant RPM Glass, LLC is a domestic business entity with a principal place of business at 3 Industrial Way, Unit 1A, Tyngsboro, MA, and is an employer engaged in commerce within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1) and §301 of the LMRA, 29 U.S.C. §185.

## FACTS

6.     Defendant RPM Glass, LLC is a party to a collective bargaining agreement ("Agreement") between the Painters and Allied Trades District Council No. 35 ("Union") and the Painters and Finishing Employers Association of New England, Inc. and Glass Employers Association of New England, Inc.  The Agreement is a contract within the meaning of 29 U.S.C. §185(a).  A true and accurate copy of relevant pages of the Agreement is attached hereto as Exhibit A.

7.     The Funds are third party beneficiaries of the Agreement.

8.     The Agreement requires signatory employers such as RPM Glass, LLC to make contributions to the Plaintiff Funds for each hour worked by employees.  The Agreement

specifies the amount to be contributed by an employer to each of the Plaintiff Funds for each hour worked and specifies further that these amounts are to be paid by the fifth day of the subsequent month.

9. The Agreement also provides that interest shall be charged at the rate of 1.5% per month on unpaid contributions.

10. To ascertain the correct number of hours on which employers contributions are to be paid, the Agreement requires signatory contractors such as RPM Glass, LLC to submit to periodic payroll audits as necessary.

11. Upon information and belief, RPM Glass, LLC has failed to make required principal benefit contributions for hours worked by employees covered by the Agreement.

12. To ascertain whether RPM Glass, LLC, in fact, owes such contributions, and the total due of any such contributions, the Funds have asked RPM Glass, LLC to submit payroll records so that a payroll audit may be performed.

13. To date, RPM Glass, LLC has refused to submit the payroll records necessary for such a payroll audit.

14. The Agreement provides that the New England Painting, Finishing & Glazing Industries District Council No. 35 Joint Trade Board ("Joint Trade Board") is authorized to hear and adjudicate questions of interpretation of the Agreement and grievances and complaints against members of either party to the Agreement or independent signatory employers for all alleged violations of the Agreement.

15. The Agreement provides that Joint Trade Board decisions are binding on independent signatory employers, such as RPM Glass, LLC.

16. A hearing concerning RPM Glass, LLC's failure to make its required interest payment took place before the Joint Trade Board on May 5, 2015.

17. Despite receipt of prior written notice of the hearing, RPM Glass, LLC did not send a representative to the hearing.

18. The Joint Trade Board voted that RPM Glass, LLC be assessed a $200.00 fine for its failure to submit payroll records necessary to conduct a payroll audit, or to submit to a payroll audit.

19. The Board also informed RPM Glass, LLC that it would pursue litigation to obtain the payroll audit, and that the RPM Glass, LLC would be responsible for the Funds' and the Union's attorneys' fees and costs incurred in such litigation.

20. The Joint Trade Board informed RPM Glass, LLC of its decision in a letter dated May 12, 2015. A true and accurate copy of the Joint Trade Board's award is attached hereto as Exhibit B.

21. RPM Glass, LLC has failed to submit to the payroll audit, and has failed to pay the $200.00 penalty.

22. RPM Glass, LLC has also not filed an action to vacate the arbitration award.

## COUNT I – AUDIT

23. Plaintiffs repeat and incorporate by reference herein each and every allegation contained in paragraphs 1 through 22 above.

24. The refusal of RPM Glass, LLC to permit an audit violates its obligations under §301 of the LMRA, 29 U.S.C. §185, and §515 of ERISA, 29 U.S.C. §1132 et seq.

25. Absent an Order from this Court, RPM Glass, LLC will continue to refuse an audit.

26. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II -- VIOLATION OF THE
## COLLECTIVE BARGAINING AGREEMENT

27. Plaintiffs repeat and incorporate by reference herein paragraphs 1 through 26 above.

28. The Agreement is a contract within the meaning of §301 of the LMRA.

29. The failure of RPM Glass, LLC to submit to a payroll audit and also to pay any principal contributions or continuing interest on behalf of its covered employees violates the terms of the Agreement.

30. The refusal of RPM Glass, LLC to permit an audit violates its obligations under §301 of the LMRA, 29 U.S.C. §185

## COUNT III – ENFORCEMENT OF ARBITRATION AWARD

31. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 30 above.

32. The arbitration award issued by the Joint Trade Board requires defendant RPM Glass, LLC to submit to a payroll audit, to pay the amount of the award, plus an administrative fee of $200.00, and reasonable attorneys' fees and costs of collection.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests this Court to grant the following relief:

a. Pursuant to Counts I and II, Order RPM Glass, LLC to make available to the Plaintiff Funds or their duly authorized representative its entire payroll records as specified in the Agreement;

b. Enter a preliminary and permanent injunction enjoining RPM Glass, LLC from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

      c.      Pursuant to Count III, enter a judgment in favor of Plaintiff Funds, and against RPM Glass, LLC, to confirm and enforce the arbitration award of the Joint Trade Board in the amount of the award, plus interest and penalties as described in the award;

      d.      Order RPM Glass, LLC to pay any sums due as a result of the payroll audit, plus applicable interest; and

      e.      Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

WILLIAM MCDEVITT, as he is
ADMINISTRATOR, PAINTERS AND
ALLIED TRADES DISTRICT COUNCIL
No. 35 TRUST FUNDS,

By his attorneys,

/s/ Louis A. Mandarini
Paul F. Kelly, Esq., BBO #267000
Kathryn S. Shea, BBO #547188
Louis A. Mandarini, BBO #669293
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA  02109
(617) 742-0208, Ext. 253
lmandarini@segalroitman.com

Dated:  June 8, 2015